**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Adrian Tremillo Maturino,

              Plaintiff,

    v.

Michael Sanft, et al.,

              Defendants.

Case No. 2:24-cv-00350-JAD-BNW

**REPORT AND RECOMMENDATION**

On April 1, 2024, the Court ordered Plaintiff to either file an *in forma pauperis* application or pay the filing fee. ECF No. 3. The Court then granted Plaintiff's motion for a 45-day extension to comply with the order. ECF No. 5. After the extended deadline passed, the Court issued another minute order giving Plaintiff until July 8, 2024, to file the *in forma pauperis* application or pay the fee. ECF No. 6. It warned Plaintiff that failure to comply with the order may result in the Court recommending that the case be dismissed. *Id.* Despite this, Plaintiff has neither filed the application nor paid the fee. Accordingly, the Court recommends that this case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

1         The first two factors, the public's interest in expeditiously resolving this litigation and the
2   court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third
3   factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of
4   injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court
5   or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
6   factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

7         The fifth factor requires the court to consider whether less drastic alternatives can be used
8   to correct the party's failure that brought about the court's need to consider dismissal. Courts
9   "need not exhaust every sanction short of dismissal before finally dismissing a case, but must
10  explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
11  Cir. 1986). Because Plaintiff has failed to file an *in forma pauperis* application or pay the filing
12  fee, despite a 45-day extension and two court orders telling him to do so, the only alternative is to
13  enter a third order directing Plaintiff to comply. The circumstances here do not indicate that
14  Plaintiff needs additional time nor is there evidence that he did not receive the Court's two
15  previous orders. So, the fifth factor favors dismissal.

16        In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City*
17  *of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors
18  support dismissal or where at least three factors "strongly" support dismissal).

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED**

2    **without prejudice** for failure to comply with multiple court-ordered deadlines.

3

4                              **<u>NOTICE</u>**

5          This report and recommendation is submitted to the United States district judge assigned

6    to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

7    may file a written objection supported by points and authorities within fourteen days of being

8    served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

9    objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

10   1157 (9th Cir. 1991).

11

12         DATED: July 24, 2024

13

14                                        _____

15                                        BRENDA WEKSLER
                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28