**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Adrian Tremillo Maturino,

        Plaintiff,

    v.

Michael Sanft, et al.,

        Defendants.

Case No. 2:24-cv-00350-JAD-BNW

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ECF No. 7

**On July 24, 2024, the magistrate judge entered this report and recommendation:**

On April 1, 2024, the Court ordered Plaintiff to either file an *in forma pauperis* application or pay the filing fee. ECF No. 3. The Court then granted Plaintiff's motion for a 45-day extension to comply with the order. ECF No. 5. After the extended deadline passed, the Court issued another minute order giving Plaintiff until July 8, 2024, to file the *in forma pauperis* application or pay the fee. ECF No. 6. It warned Plaintiff that failure to comply with the order may result in the Court recommending that the case be dismissed. *Id.* Despite this, Plaintiff has neither filed the application nor paid the fee. Accordingly, the Court recommends that this case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

1 |      The first two factors, the public's interest in expeditiously resolving this litigation and the

2 | court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third

3 | factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

4 | injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

5 | or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

6 | factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

7 |      The fifth factor requires the court to consider whether less drastic alternatives can be used

8 | to correct the party's failure that brought about the court's need to consider dismissal. Courts

9 | "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

10 | explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

11 | Cir. 1986). Because Plaintiff has failed to file an *in forma pauperis* application or pay the filing

12 | fee, despite a 45-day extension and two court orders telling him to do so, the only alternative is to

13 | enter a third order directing Plaintiff to comply. The circumstances here do not indicate that

14 | Plaintiff needs additional time nor is there evidence that he did not receive the Court's two

15 | previous orders. So, the fifth factor favors dismissal.

16 |      In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City*

17 | *of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors

18 | support dismissal or where at least three factors "strongly" support dismissal).

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED**

2  **without prejudice** for failure to comply with multiple court-ordered deadlines.

3

4  ### Order Adopting Report and Recommendation

5    The deadline for any party to object to this recommendation was August 7, 2024, and no

6  party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a

7  magistrate judge's report and recommendation unless objections are filed."  United States v.

8  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and

9  recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that

10  the Magistrate Judge's Report and Recommendation **[ECF No.  7] is ADOPTED** in its entirety.

11  **This case is DISMISSED** without prejudice, and the Clerk of Court is directed to **CLOSE THIS**

12  **CASE.**

13

14  _____

15  U.S. District Judge Jennifer Dorsey
    August 12, 2024